IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 2:10CR00031-2 |
| ) | (Financial Litigation Unit) |
| EMERY LEE LITTLEJOHN, ) | |
| AKA/JOHN M. LITTLEJOHN, ) | |
| ) | |
| and ) | |
| ) | |
| EASTERN BAND OF CHEROKEE INDIANS, ) | |
| ) | |
| Garnishee. ) | |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer of Garnishee, filed on November 28, 2011 (Docket# 57) by the Garnishee, Eastern Band of Cherokee Indians ("Tribe"), and the Response of the United States filed on December 2, 2011 (Docket# 59).

On October 6, 2011, the Honorable Martin Reidinger, United States District Judge, sentenced Defendant to serve 55 months incarceration for his convictions for robbery within Indian country, in violation of 18 U.S.C. §§ 2111, 1153, and 2. *See Judgment* (Docket# 45). As part of the Judgment, Defendant was ordered to pay a $100.00 criminal assessment and restitution of $531.00 to his victims. Subsequently, the United States sought to garnish Defendant's gaming *per capita* gaming revenue. On November 15, 2011 (Docket# 53), the Court entered a Writ of Continuing Garnishment as to the Eastern Band of Cherokee Indians. The United States is

entitled to garnish the *per capita* payments and has satisfied the prerequisites set forth in 15 U.S.C. §1673 and other applicable statutes.

The Tribe filed an answer on November 28, 2011 (Docket# 57) stating Defendant is subject to a current child support order in the Cherokee Court which has priority over the writ of garnishment. The Tribe's answer also set forth objections and defenses to the Government's right to garnish. On the basis of those objections, the Tribe requested this Court quash the government's garnishment.

As to the Tribe's contention that the child support order has priority, the government does not contest the Tribe's position regarding child support.

The Tribe also objected to the garnishment on the basis that "any garnishment order in this action should be enforced through the Cherokee Court to ensure proper allocation of garnishment distributions." There is no legal authority cited in support of the Tribe's request. Any and all funds collected by the government are sent directly to the Clerk of Court, as is required, so that the Clerk may distribute the funds in accordance with applicable law and as ordered in each criminal judgment. There is no provision that allows the Tribe to distribute funds collected by, or on behalf of, the government, victims, or other entities. To do so would violate the statutory structure of criminal judgments, restitution, the Mandatory Victim Rights Act, and the Crime Victims Rights Act. The government is not permitted to cede its collection and distribution authority to the Tribe. This Court agrees that all funds collected by the

government in all its criminal cases are "properly allocated," including those collected from garnished *per capita* distributions, as they are distributed in accordance with applicable statutes and in accordance with the criminal judgments entered by the Court. The methods currently in place are effective, accurate, appropriate, and most importantly, compliant with the myriad applicable laws.

IT IS THEREFORE ORDERED that the Tribe's "objections, defenses, or set-offs" and its motion to quash be overruled and denied.

IT IS FURTHER ORDERED that an Order of Garnishment is hereby **ENTERED** in the amount of $631.00, computed through October 26, 2011, which attaches to each *per capita* distribution of gaming revenues that exceeds any court-ordered child support obligation be garnished in favor of the of the United States and, upon expiration of the child support obligation, that all such revenue be garnished in favor of the United States until Defendant's restitution debt is paid in full.

Signed: December 5, 2011

*/s/ Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge